**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-2309**

———————

NATHANIEL MCKENZIE,

Petitioner,

versus

UNIVERSAL MARITIME SERVICES; SIGNAL MUTUAL
INDEMNITY ASSOCIATION, LIMITED; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION PROGRAMS,

Respondents.

———————

On Petition for Review of an Order of the Benefits Review Board.
(05-0114)

———————

Argued: November 28, 2006          Decided: March 7, 2007

———————

Before KING, SHEDD, and DUNCAN, Circuit Judges.

———————

Petition for review granted; vacated and remanded by unpublished
opinion. Judge Shedd wrote the opinion, in which Judge King and
Judge Duncan joined.

———————

**ARGUED:** Bruce Bennett Eisenstein, EISENSTEIN, EISENSTEIN &
EISENSTEIN, Baltimore, Maryland, for Petitioner. Lawrence Philip
Postol, SEYFARTH & SHAW, L.L.P., Washington, D.C., for Respondents.
**ON BRIEF:** Michael C. Eisenstein, EISENSTEIN, EISENSTEIN &
EISENSTEIN, Baltimore, Maryland, for Petitioner.

———————

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

Nathaniel McKenzie has filed a petition for review of the Decision and Order of the Benefits Review Board ("BRB") denying his claim for disability benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901 et seq. We grant the petition for review, vacate the BRB's order, and remand for further proceedings.

On February 26, 2003, McKenzie, while working for Universal Maritime Services ("Universal"), slipped and fell on his back, striking his head on the asphalt. At home that evening, McKenzie asked his wife to check the back of his head because he felt like it was bleeding. Mrs. McKenzie did not find any blood, but she noted that the area felt soft to the touch. The following day, McKenzie worked a normal shift. When Mrs. McKenzie came home that evening, she found McKenzie lying down, which he normally did not do after work. Mrs. McKenzie also noticed on both February 26 and 27 that McKenzie seemed tired and that he did not play the lottery, which was part of his normal routine.

On the morning of February 28, McKenzie went outside to brush snow from his automobiles. When McKenzie came inside, he told his wife that he had a headache and asked her for some of her migraine medication. After Mrs. McKenzie gave him some medicine, McKenzie went downstairs to the kitchen to get water. Mrs. McKenzie then heard a noise and found McKenzie leaning up against the dishwasher.

2

Mrs. McKenzie led McKenzie upstairs to the bedroom and placed him on the bed. When McKenzie attempted to get up, he fell onto the floor, but he did not hit his head. At this point, an ambulance was called for. The ambulance crew helped McKenzie back into bed and told Mrs. McKenzie to watch him and call again if his symptoms worsened.

Shortly afterward, Mrs. McKenzie noticed that McKenzie's left arm was dragging and his left side appeared weak. Mrs. McKenzie again called for an ambulance, and McKenzie was transported to a hospital, where a CT scan revealed that he had an acute subdural hematoma. During emergency surgery, a surgeon removed an acute, traumatic right subdural hematoma from McKenzie's head. After surgery, McKenzie was in a coma for approximately one week and was placed on a ventilator. McKenzie gradually improved and returned home several months later. McKenzie continued to suffer residual effects from this incident, including being confined to a wheelchair.

McKenzie thereafter filed a claim for disability benefits under the LHWCA. Universal contested McKenzie's eligibility for benefits, and the claim was referred to an administrative law judge ("ALJ"). Following a hearing, the ALJ issued a Decision and Order denying the claim. The ALJ initially found that McKenzie established a prima facie case sufficient to invoke the statutory presumption that his injury was caused by the February 26 fall.

3

See 33 U.S.C. § 920(a) ("In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary . . . [t]hat the claim comes within the provisions of this chapter."); Universal Maritime Corp. v. Moore, 126 F.3d 256, 262 (4th Cir. 1997) ("an employee seeking to have the benefit of the statutory presumption must first allege (1) an injury or death (2) that arose out of and in the course of (3) his maritime employment"). However, the ALJ further found that Universal produced substantial evidence sufficient to rebut the presumption, and he then concluded that McKenzie's hematoma did not arise out of his employment with Universal. See Moore, 126 F.3d at 262 ("If an employer does not offer substantial evidence to rebut the presumption, . . . the presumption provided by § 20 will entitle a claimant to compensation. When the employer, however, does offer evidence sufficient to justify denial of a claim, the statutory presumption 'falls out of the case' and does not remain as evidence that is weighed in finding facts."). The BRB affirmed.

In his analysis, the ALJ correctly noted an apparent inconsistency in the record concerning whether McKenzie fell on February 28 while he was cleaning snow from his automobiles. J.A. 11. Despite noting this inconsistency, the ALJ's analysis did not

4

reveal that there is no first-hand evidence of such a fall.[1]  This is significant because Dr. Charles Lancelotta, on whose opinion the ALJ primarily relied, acknowledged that the majority of hematomas are caused by trauma, but when pressed on this point, indicated that McKenzie's hematoma could have been caused by the putative fall on February 28.  J.A. 149.  Of course, this latter assertion is not supported by the record.

Leaving aside Dr. Lancelotta's opinion based on the assertion of a fall on February 28, which is not supported by the record, his testimony merely asserts that McKenzie's hematoma was either spontaneous or resulted from McKenzie's use of blood thinners.[2] However, as the ALJ noted, "[h]ypothetical theories, inferences or speculation are insufficient to rebut the presumption" that the hematoma was job-related.  J.A. 14.

Because the ALJ did not properly analyze the testimony, we vacate the denial of compensation and benefits, and we remand this case to the Board for further proceedings consistent with this

---

[1]The mention of a fall on February 28 is likely accountable to misreview of ambulance notes by subsequent health care personnel. At oral argument, counsel for Universal could not point to any first-hand evidence of a fall on February 28.

[2]However, Dr. Lancelotta did not explain his conclusion in light of the fact that McKenzie's clotting factors were normal at the time of his acute hematoma.  Moreover, Dr. Lancelotta did not account for McKenzie's abnormal behavior on February 26 and 27.

opinion.    We direct that the Board reassign this case to a

different ALJ on remand.[3]

PETITION FOR REVIEW GRANTED;
VACATED AND REMANDED

---

[3]This direction does not suggest that the ALJ acted improperly.    However, the remand will require a review of additional facts in the record and a reassessment of expert testimony about which the ALJ has already formed an opinion.